## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:                        Bky Case No. 08 - 46367

ARC Venture Holding, Inc., et al.,

                                Ch. 7
                Debtors.       (Jointly Administered)

Brian F. Leonard, Trustee,

                Plaintiff,          Adv. No. 10 A 04518

vs.

Illinois Department of Revenue,

                Defendant.

## NOTICE OF HEARING AND MOTION TO DISMISS THE ADVERSARY COMPLAINT

TO:     The entities specified in Local Rule 9013-3.

      1.       The Illinois Department of Revenue ("Movant"), by and through its attorney, LISA MADIGAN, Illinois Attorney General, moves this Court for the relief requested below and gives notice of hearing.

      2.       The Honorable Nancy C. Dreher, Chief Judge of the U.S. Bankruptcy Court, will hear the following motion on April 12, 2011 at 1:00 p.m. in Courtroom 7 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

      3.       Pursuant to Local Rule 9006-1(c), any response to this motion must be filed and delivered no later than (5) days prior to the time set for the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE RELIEF REQUESTED WITHOUT A HEARING**.

4.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and

1334 and Bankruptcy Rule 5005.  Venue of this proceeding and this Motion is properly in this

district pursuant to 28 U.S.C. §§ 1408 and 1409**.**  This is a core proceeding.  The petition

commencing this case was filed on December 8, 2008.  The case is now pending in this Court.

5.      This Motion is filed pursuant to Federal Rule of Civil Procedure 12(b)(6), Federal

Rule of Bankruptcy Procedure 7012(b) and Local Rules 9013-1 through 9013-3.

6.      The Department requests that the Court enter an order dismissing the Adversary

Complaint with prejudice.  The grounds in support of its Motion and for the requested relief are

set forth below.

7.      On December 8, 2008, Iliad Leasing Corp. ("Debtor") filed a petition for relief

under Ch. 11 of the Bankruptcy Code (11 U.S.C, 101, *et seq.*).

8.      Debtor's case was converted to Ch. 7 on June 3, 2009 and Brian F. Leonard was

appointed to serve as Trustee.  He has filed this Complaint against the Department seeking the

return of three payments, totaling $98,594.00, alleging that they were preferential transfers under

§547(b). The Department denies these assertions.

9.      Debtor was engaged in the business of renting automobiles and is registered with

the Department under Illinois Business Tax No. 5570-0802.  Debtor, a rentor, was responsible to

file returns under the Automobile Renting Occupation and Use Tax Act ("AROUTA"), *35 ILCS

155/1, et seq.*, and to pay the corresponding taxes ("ART taxes") to the Department.

10.     ART taxes are trust fund taxes.  They are collected from a rentor's third party

customers.  Section 4 of AROUTA provides:

> The tax hereby imposed shall be collected from the rentee by a rentor maintaining
> a place of business in this State and remitted to the Department…
> Rentors shall collect the tax from the rentees by adding the tax to the rental
> price of the automobile, when rented for the use, in the manner prescribed

by the Department. The Department shall have the power to adopt and promulgate reasonable rules and regulations for the adding of such tax by rentors to rental prices by prescribing bracket systems for the purpose of enabling such rentors to add and collect, as far as practicable, the amount of such tax…

The tax imposed by this Section shall, when collected, be stated as a distinct item separate and apart from the rental price of the automobile…

*35 ILCS 155/4.*

11. Section 4 of AROUTA, moreover, specifically incorporates §8 of the Illinois Use Tax Act, *35 ILCS 105, et seq.*, which imposes an express statutory trust in the collected ART taxes :

To the extent that a retailer is required to collect the tax imposed by this Act and has actually collected the tax, such tax is held in trust for the benefit of the Department.

*35 ILCS 105/8.*

12. Prior to the filing of its Ch. 11 petition, Debtor made certain voluntary payments to the Department in satisfaction of its ART tax liability – three of which are subject of the Trustee's Complaint. The following sets forth the details concerning each of these payments, including the amount paid and the tax period to which the payment corresponds. A copy of the corresponding tax return which was filed with the Department and which was remitted with each of the subject payments is also attached. Page 2, Line 1 (Worksheet) of each of those returns reflects the amount of ART taxes Debtor reported as having actually collected from its customers for that corresponding period. Each of the returns is accompanied by a certification of the Department's Records Manager of their authenticity. Also attached is the Declaration of Cynthia Anderson which verifies the information contained in the returns:

| Tax Period | Amount Paid With Return | Tax Liability Per Filed Return | Amount of Taxes Collected Per Filed Return |
|---|---|---|---|
| June, 2008 | $28,202.00 | $28,202.00 | $35,693.00 |
| July, 2008 | $28,404.00 | $28,404.00 | $41,470.00 |
| August, 2008 | $41,988.00 | $41,988.00 | $67,424.00 |

13.     The Trustee is seeking from the Department the return of each of these three payments Debtor voluntarily made to the Department, pre-petition, in satisfaction of its ART tax liability for June, July and August, 2008 alleging that they are preferential transfers under §547(b).

14.     Each of the three voluntary payments of Debtor's ART tax liability was a payment of trust taxes held for the benefit of the Department and did not constitute a transfer of Debtor's property.  Since there was no transfer of property of the Debtor, the Trustee has failed to establish a threshold element of a preference under §547(b) and, therefore, his Complaint should be dismissed.

15.     Based on the facts in this Motion and the accompanying Memorandum of Law, there is no legal support for the Trustee's Complaint against the Department.  As such, the Department's Motion to Dismiss should be granted and the Trustee's Complaint must be dismissed with prejudice.

WHEREFORE the Illinois Department of Revenue respectfully requests that an Order be entered (1) granting its Motion to Dismiss; (2) dismissing the Trustee's Adversary Complaint against the Department with prejudice; and (3) granting such other relief as is appropriate

|        |                                                      |
|--------|------------------------------------------------------|
|        | State of Illinois, Department of Revenue             |
| By:    | LISA MADIGAN, Illinois Attorney General              |
|        |                                                      |
| By:    | /e/ Faith Dolgin                                     |
|        | Faith Dolgin, SPAAG                                  |
|        | James D. Newbold, SPAAG                              |
|        | 100 W. Randolph St., 13th Floor                      |
|        | Chicago, Illinois  60601                             |
|        | (312) 814-5195 / (312) 814-3589 (fax)                |
|        | faith.dolgin @illinois.gov                           |

*Designated Local Counsel*
Jeremy D. Eiden
Assistant Attorney General
445 Minnesota St., Suite 900
St. Paul, MN  55101
(615) 757-1224
jeremy.eiden@state.mn.us

In Re:                                                  Bky Case No. 08 - 46367

ARC Venture Holding, Inc., et al.,
                                                        Ch. 7
                              Debtors.                  (Jointly Administered)

Brian F. Leonard, Trustee,

                              Plaintiff,                Adv. No. 10 A 04518

vs.

Illinois Department of Revenue,

                              Defendant.

## DECLARATION OF CYNTHIA ANDERSON

I, Cynthia Anderson, pursuant to 28 U.S.C. §1746, declare as follows:

1.      I am currently employed by the Illinois Department of Revenue as Senior Public
Service Administrator.  I have held this position for 27 years.  In my capacity as Senior Public
Service Administrator I am familiar with the records maintained by the Department of Revenue
in the ordinary course of its business.  I have diligently searched the accounts of the Illinois
Department of Revenue as they relate to the filing status of certain ART-1 tax returns received
from Debtor, Iliad Leasing, EIN: 26-1373499, and as due under the Automobile Renting
Occupation and Use Tax Act (AROUTA), *35 ILCS 155/1, et seq*.  I have also reviewed the
accounts of the Illinois Department of Revenue as they relate to certain tax payments remitted by

Iliad Leasing to the Department with its ART-1 tax returns in payment of its ART taxes due under the AROUTA. The following statements are based on my review of those records.

2.     For the period of June, 2008, the Department received an ART-1 tax return from Debtor on September 8, 2008. Page 2, Line 1 of the tax return reflects that Debtor collected taxes in the amount of $35,693.00. It reported liability due in the amount of $28,202.00. A check in the amount of $28,202.00 was remitted, with the return, on September 8, 2008 and applied to the liability for that period.

3.     For the period of July, 2008, the Department received an ART-1 tax return from Debtor on November 3, 2008. Page 2, Line 1 of the tax return reflects that Debtor collected taxes in the amount of $41,470.00. It reported liability due in the amount of $28,404.00. A check in the amount of $28,404.00 was remitted, with the return, on November 3, 2008 and applied to the liability for that period.

4.     For the period of August, 2008, the Department received an ART-1 tax return from Debtor on November 17, 2008. Page 2, Line 1 of the tax return reflects that Debtor collected taxes in the amount of $67,424.00. It reported liability due in the amount of $41,988.00. A check in the amount of $41,988.00 was remitted, with the return, on November 17, 2008 and applied to the liability for that period.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___3rd___ day of March, 2011 in Chicago, Illinois.

_____
Cynthia Anderson

## VERIFICATION

I, Cynthia Anderson, Senior Public Service Administrator for the Illinois Department of Revenue, declare under penalty of perjury that the facts set forth in the foregoing Notice of Hearing and Motion to Dismiss, are true and correct according to the best of my knowledge, information and belief.

Executed on: March, *3rd*, 2011.

_____
Cynthia Anderson

In Re:                                                Bky Case No. 08 - 46367

ARC Venture Holding, Inc., et al.,

                                                      Ch. 7
                          Debtors.                    (Jointly Administered)

Brian F. Leonard, Trustee,

                          Plaintiff,                  Adv. No. 10 A 04518

vs.

Illinois Department of Revenue,

                          Defendant.

## MEMORANDUM OF LAW

The Illinois Department of Revenue submits this Memorandum of Law in support of its

Motion to Dismiss ("Motion").  A hearing is scheduled for April 12, 2011 to consider the

Motion.

### FACTS

The facts set forth in the Department's Motion to Dismiss are verified and incorporated

by reference in this Memorandum of Law.

### STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that when a motion to

dismiss for failure to state a cause of action raises facts from outside the complaint, it is decided

as a motion for summary judgment.  Summary judgment is appropriate where there is no genuine

dispute of a material fact and the movant is entitled to judgment as a matter of law.  *Wallace v.*

*DTG Operations, Inc.*, 442 F.3d 1112, 1117 (8th Cir. 2006). In this case, because the relevant facts upon which the Department relies are taken from tax returns filed by the Debtor, the Department submits that there are no genuine disputes of material fact and, for the reasons discussed below, it is entitled to judgment as a matter of law.

## LEGAL ARGUMENT

In order to prevail in a preference action under §547(b), the Trustee must establish that there has been a transfer of Debtor's property. The Trustee, however, cannot establish that the voluntary payments made by the Debtor, Iliad Leasing, in the amount of $28,202; $28,404; and $41,988 to the Department in satisfaction of its tax liability due under the Automobile Renting Occupation and Use Tax Act (AROUTA), *35 ILCS 155, et seq.,* (ART taxes) for June, July and August, 2008 constituted a transfer of an interest in Debtor's property. As such, the Trustee's Complaint must be dismissed.

The holding by the United States Supreme Court in *Begier v. Internal Revenue Service,* 496 U.S. 53, 110 S.Ct. 2258 (1990) controls and dictates dismissal of the Trustee's Complaint. In *Begier*, the Court held that the debtor's voluntary payments of trust fund taxes - withheld federal income taxes and collected excise taxes - were not transfers of debtor's property, as required under §547(b) but, rather, were transfers of property held in trust. As a result, the payments were immune from recovery under §547(b). *Id.*

In its reasoning, the Court first analyzed the language of §547(b) and concluded that property held in trust for another is not property of the estate. *Id.* at p. 59. In determining whether the subject taxes were held in trust for the IRS, the Court first examined the relevant Internal Revenue Code provision, 26 U.S.C. §7501, and determined that, pursuant to its language, a statutory trust was imposed in the amount of tax collected or withheld and that the

trust was created at the time that the taxes were collected. *Id.* at p. 61. The Court next analyzed whether Debtor's payment of the tax to the IRS constituted a transfer of the trust property, rather than Debtor property, so as to escape preferential recovery. While the Court recognized that the IRS was required to establish some connection between the payment and the *res* of the trust, it determined that "reasonable assumptions" should be applied to establish the requisite nexus. *Id.* at p. 67. The Court, in its analysis, determined that common-law trust principles requiring the identification of specific trust property and tracing of that property do not apply in the context of the statutory trust. *Id.* at pp. 62-63. Instead, after reviewing the legislative history of the Bankruptcy Code, the Court concluded that the debtor's act of voluntarily paying the tax constitutes a reasonable assumption that the funds of the statutory trust were used to pay the tax liability – that the payment, in and of itself and regardless of the source of funds, establishes that nexus. *Id.* at pp. 66-67. Based on this reasoning, the Court held that debtor's voluntary pre-petition payment of its withholding and excise taxes constituted transfer of trust property held for the benefit of the IRS. The trustee, therefore, could not maintain the §547(b) preference action to recover the payments since there was never a transfer of property of the debtor. *Id.*

The facts in this case are on point with those in *Begier.* The language of the AROUTA establishes that ART taxes are trust taxes since the statute creates a trust upon the taxes collected by Debtor and other automobile rentors/retailers. Pursuant to §4 of AROUTA, ART taxes are required to be collected by the rentor from its third party customers with the amount of the collected tax to be stated as a distinct item separate and apart from the rental price of the automobile. *35 ILCS 155/4.* Section 4 of AROUTA, moreover, specifically incorporates §8 of the Illinois Use Tax Act, *35 ILCS 105/1, et seq.*, which imposes an express trust on the collected ART taxes. It provides in relevant part:

> To the extent that a retailer is required to collect the tax imposed by this Act and has actually collected the tax, such tax is held in trust for the benefit of the Department.

This language is substantively indistinguishable from the language of §7501 of the Internal Revenue Code, construed by *Begier* as creating a statutory trust. See also *In re Lakeside Community Hospital*, 191 B.R. 122 (Bankr. N.D. Ill. 1996). Pursuant to AROUTA, then, a statutory trust was imposed on the taxes collected by Debtor. The Debtor, a rentor, was required and did collect the applicable ART taxes from its customers. According to Debtor's ART-1 tax returns filed with the Department, it actually collected the following ART taxes: $35,693.00 was collected for the month of June, 2008; $41,470.00 was collected for the month of July, 2008; and $67,424.00 was collected for the month of August, 2008. (Affidavit of Cynthia Anderson; Debtor's certified ART-1 tax returns, Page 2, Line 1, (worksheet) attached). Pre-petition, Debtor voluntarily remitted payment to the Department in connection with these collected ART taxes: Debtor remitted the sum of $28,202.00 along with the corresponding ART-1 tax return for June, 2008; it voluntarily remitted the sum of $28,404.00 along with the corresponding ART-1 tax return for July, 2008; and Debtor voluntarily remitted the sum of $41,988 along with the corresponding ART-1 tax return for August, 2008. (Cynthia Anderson Affidavit). Under the reasoning of *Begier,* then, each of Debtor's voluntary payments, described above and subject to the Trustee's Complaint, constituted a transfer of the trust property held for the benefit of the Department. Based on these undisputed facts, the Trustee cannot establish that there has been a transfer of property of the Debtor and, therefore, has failed to state a valid claim under §547(b).

Despite the clear mandate of the Supreme Court in *Begier*, the Trustee apparently insists on the viability of his action against the Department. Based on discussions with the Trustee's counsel, the Department understands that he intends to rely on the rationale of *In re Wendy's*

*Food Systems, Inc.*, 133 B.R. 917 (Bankr. S.D. Ohio 1991) in support of his position that

common law tracing, using the "lowest intermediate balance" approach, applies. The *Wendy's*

decision, however, has been criticized and rejected as having misinterpreted the holding of

*Begier.* See, *In re Wellington Foods, Inc.*, 165 B.R. 719 (Bankr. S.D. Ga. 1994); *In re Suwannee*

*Swifty Stores, Inc.* 266 B.R. 544 (Bankr. M.D. Ga. 2001).

The issue raised in *Wendy's* was whether nexus had been established between the

collected trust taxes and the payment of the tax liability. The *Wendy's* court, construing *Begier*

narrowly and as limited to its facts, held that the presumption establishing nexus between

debtor's voluntary payment and the trust was rebuttable by evidence that the amount of the funds

in debtor's commingled account was less than the amount paid to the taxing authority. *Id.* at p.

921; *In re Suwannee,* 266 B.R. at pp. 551-552 (criticizing the *Wendy's* analysis). The *Wendy's*

court, therefore, concluded that no nexus was established between the debtor's voluntary pre-

petition payment of its trust tax liability to the taxing authority since, at certain times, debtor

maintained a negative balance in a commingled account**.** *Id.*

Criticizing the *Wendy's* rationale and its interpretation of *Begier*, the court in *Wellington*

*Foods,* 165 B.R. 719 (Bankr. S.D.Ga. 1994), opined that the *Wendy's* court erroneously applied

the "lowest intermediate balance" rule. *Id.* at p. 726. Rejecting *Wendy's* conclusion that *Begier*

would require the application of this common law tracing doctrine[1], the *Wellington Foods* court

stated:

> Nevertheless, I cannot agree with the *[Wendy's]* Court's analysis because
> it adds an element to the requirements of *Begier* which is not contained in the
> Supreme Court's opinion. A taxing authority is not required under *Begier*, as
> the *Wendy's* court holds, to show that a debtor made a voluntary payment of
> trust fund taxes *and* that a reasonable nexus exists between the creation of the

---

[1] *Begier*, to the contrary, specifically stated that common-law tracing rules are not to be
employed in a statutory trust context. *Id.* at p. 62-63.

trust and the payment. To the contrary, *Begier*, makes it clear that the debtor's act of making a voluntary payment to a taxing authority, which is designated as "trust-fund taxes", conclusively establishes the requisite nexus between the creation of the trust and the actual dollars remitted to the taxing authority. Admittedly, it does not appear that the Supreme Court faced an intervening balance problem in *Begier*. However, in "literally reading" the legislative history to section 547(b) to mean that a "bankruptcy trustee could not avoid any voluntary pre-petition payment of trust-fund taxes, regardless of the source of funds," [footnote omitted] **the *[Begier]* Court did not restrict its holding to a case where a debtor maintains sufficient funds in its accounts to cover the trust-fund tax payment.**

(emphasis added) *Id.* at p. 726. The *Wellington* court, relying on *Begier*, held that "a conclusive presumption arises upon voluntary payment, regardless of the source of the payment and **regardless of any intervening balance in the debtor's aggregate operating accounts**."

(emphasis added) *Id.*

Siding with *Wellington Foods* in rejecting the *Wendy's* rationale, the court in *Suwannee Swifty Stores, Inc.*, 266 F.R. 544 (Bankr. M.D. Ga. 2001) stated:

> The court agrees with the reasoning in *Wellington Foods* and likewise finds that a voluntary payment conclusively presumes that such payment is property of the trust. Accordingly, the court rejects the reasoning in *Wendy's Food Systems* that this presumption is rebutted because the trust account balance fell below the amount of the payment. As the Supreme Court in *Begier* held, the trust is created in an "abstract amount" and "regardless of the source of the funds" *Begier* at 62, 66-67, 110 S.Ct. 2258.

*Id.* at p. 552-553. The *Suwannee* court further added that the:

> "conclusive presumption" of a voluntary payment is consistent with the presumption applied in constructive trust cases where the trustee commingles trust funds with that of his own. [footnote omitted] *See Bethlehem Steel Corp. v. Tidwell,* 66 B.R. 932, 942 (M.D.Ga. 1986)(holding that "[w]hen a trustee replenishes a commingled account which has fallen below the amount held in trust, the trustee is presumed to return the beneficiary's money first…"). Just as funds that replenish a commingled account are presumed to be trust property (i.e. beneficiary's property), funds that voluntarily paid to the trust beneficiary are likewise presumed to be trust property.

*Id.* at p. 553.

The Department urges that this Court, likewise, reject the flawed analysis of *Wendy's Foods* in favor of the clear dictate of the Supreme Court in *Begier* that a voluntary pre-petition payment of trust tax constitutes is self-identification of the trust assets and conclusively establishes nexus. Based on the rationale of the Supreme Court, the trust tax payments made by Debtor to the Department in the total amount of $98,594.00, voluntarily and in the pre-petition period, were transfers of trust property rather than transfers of debtor property and, therefore, cannot constitute preferences under §547(b). The Trustee, therefore, has failed to state a claim upon which relief may be granted and his complaint, therefore, must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **CONCLUSION**

For the reasons stated in the Department's Motion to Dismiss and its accompanying Memorandum of Law, the Department requests that this Court enter an order dismissing with prejudice the complaint filed against it and for such other relief as is appropriate.

|  |  |
|---|---|
|  | State of Illinois, Department of Revenue |
| By: | LISA MADIGAN, Illinois Attorney General |
| By: | /s/ Faith Dolgin |
|  | Faith Dolgin, SPAAG |
|  | James D. Newbold, SPAAG |
|  | 100 W. Randolph St., 13th Floor |
|  | Chicago, Illinois 60601 |
|  | (312) 814-5195 / (312) 814-3589 (fax) |
|  | faith.dolgin @illinois.gov |

*Designated Local Counsel*
Jeremy D. Eiden
Assistant Attorney General
445 Minnesota St., Suite 900
St. Paul, MN 55101
(615) 757-1224
jeremy.eiden@state.mn.us



**STATE OF ILLINOIS
DEPARTMENT OF REVENUE**

# *LETTER OF CERTIFICATION*

By the authority of the Director of the Department of Revenue, I certify that the attached is a true and exact copy of the **Illinois Automobile Renting Occupation and Use Tax Returns for June 2008 through January 2009 for:**

**ILIAD LEASING CORP
LEGAL DEPT
P O BOX 310001
SAN ANTONIO TX 78213-7001
IBT 5570-0802**

I have affixed the official seal of the Illinois Department of Revenue to this letter of Certification on the 22nd day of December, 2010, and I have attached the documents listed below.

**Records Manager**
Illinois Department of Revenue
101 West Jefferson
PO Box 19014
Springfield, IL 62794-9014
217/785-7701

Attachments:
**ART-1 (8)
ENVELOPE (2)**

IDR-146 (R-4/93)
IL-492-0610

Illinois Department of Revenue

# ART-1  Automobile Renting Occupation and Use Tax Return
(R-4/99)

0825347201000

IBT no.:  **5570-0802**

Liability period:  **June 2008**

Due by:  **July 21, 2008**

REV **01** FORM **078**

E S ___/___/___
NS  DP  CA  RC  PR

Do not write above this line.
F-RIR48107-001035
SL  016-0022-2

ILIAD LEASING CORP
LEGAL DEPT.
PO BOX 310001
SAN ANTONIO TX  78213-7001

You must round your figures to whole dollars. See instructions.

## Step 1: Figure your taxable receipts

1 Total receipts (include tax)  **1** _292931_ | _00_

2 Total deductions
(from worksheet on back)  **2** _57909_ | _00_

3 Taxable receipts
(Subtract Line 2 from Line 1.)  **3** _235022_ | _00_

## Step 2: Figure your tax on receipts

Illinois renters: Automobile Renting Occupation Tax

4 Receipts subject to tax
4a _37604_ | _00_ x  .0500 = 4b _1880_ | _00_

Out-of-state renters: Automobile Renting Use Tax

5 Receipts subject to tax
5a _197419_ | _00_ x  .0600 = 5b _11845_ | _00_

6 Tax due on receipts (Add Lines 4b and 5b.)  6 _13725_ | _00_

### Discount

7 If you filed and paid by the due date,
multiply Line 6 by  .0175.  **7** _____ | ___

8 Net tax due on receipts
(Subtract Line 7 from Line 6.)  8 _13725_ | _00_

### Other taxes

Local (county or municipal) tax

9 Multiply Line 4a by  .0100  9 _376_ | _00_

Mass transit tax

10 Multiply Line 4a by  RATE  10  **NOT APPLICABLE**

Metropolitan Pier and Exposition Authority Tax

11 Receipts subject to tax
11a _235022_ | _00_ x  .0600 = 11b _14101_ | _00_

12 Tax due on receipts
(Add Lines 8, 9,10, and 11b.)  12 _28202_ | _00_

13 Prior overpayment  13 _____ | ___

14 Net tax due
(Subtract Line 13 from Line 12.)  14 _28202_ | _00_

## Step 3: Figure your penalty and interest

If you filed after the due date, see instructions.

15 Penalty  15 _____ | ___

16 Interest  16 _____ | ___

17 Total penalty and interest
(Add Lines 15 and 16.)  17 _____ | ___

*This is a copy of the Tax Return on file with the Department of Revenue*

## Step 4: Figure your payment due

18 Records charges  18 _____ | ___

19 Total amount due
(Add Lines 14, 17, and 18.)  19 _28202_ | _00_

20 Credit memorandum  20 _____ | ___

21 Payment due
(Subtract Line 20 from Line 19)  21 _28202_ | _00_

*Records Manager, Records Management Division*

## Step 5: Sign below

Under penalties of perjury, I state that I have examined this return and, to the best of my knowledge, it is true, correct, and complete.

Taxpayer's signature _____  Phone _210-619-2538_  Date _09/03/08_

Preparer's signature _____  Phone _____  Date ___/___/___

Do not detach.

# ART-1
(R-4/99)

Due by:  **July 21, 2008**

IBT no.:  **5570-0802**

ILIAD LEASING CORP
LEGAL DEPT.
PO BOX 310001
SAN ANTONIO TX  78213-7001

Write the amount you are paying from Line 21 here.

$ _28,202.00_

Make your check payable to "Illinois Department of Revenue" and mail your completed form and payment to:

**ILLINOIS DEPARTMENT OF REVENUE**
**PO BOX 19037**
**SPRINGFIELD IL  62794-9037**

# ART-1 Worksheet for Line 2

| | | |
|---|---|---|
| 1 | Write the amount of taxes collected and included on Line 1 of the return. | 1  35693 |00 |
| 2 | Write the amount of rentals made to exempt organizations. | 2 _____ |__ |
| 3 | Write the amount of receipts from rentals under lease terms of more than one year. | 3 _____ |__ |
| 4 | Write the amount of applicable interstate commerce deductions. | 4 _____ |__ |
| 5 | Write the amount of waivers of claims for loss or damage to vehicles rented (paid by the renter). | 5 _____ |__ |
| 6 | Write the amount of additional insurance coverage (paid by the renter). | 6 _____ |__ |
| 7 | Write the amount of the cost of refueling a rented automobile (paid by the renter). | 7  18033 |00 |
| 8 | Write and identify your receipts from any additional qualifying deductions. | |

Identify: 8a  Non-Taxable Revenue      8a  4183 |00

8b _____  8b _____ |__

8c _____  8c _____ |__

8d _____  8d _____ |__

9 Add Lines 1 through 8d. The sum is your total deductions. Write the sum here and on Line 2 of the return.  9  57909 |00

---

# General Information

## Who must file this return?

You must file Form ART-1 if you are in the business of renting or leasing, for periods of one year or less, automobiles, qualifying recreational vehicles and qualifying vans. The term "qualifying recreational vehicles" is defined as vehicles that are permanently converted to provide living quarters for recreational, camping, or travel use, with direct walk-through access to the living quarters from the driver's seat. The term "qualifying vans" is defined as vehicles designed for transporting seven to 16 passengers.

In addition, if you are an out-of-state business that rents to Illinois persons, corporations, firms, or associations, you may be required to file this form and pay Automobile Renting Use Tax on the receipts you have collected.

## When must I file my return?

You must file this return, along with any payment you owe, on or before the 20th day of the month following the end of the liability period.

## What if I have multiple rental outlets?

If you have more than one rental outlet (site), you must complete and attach Form ART-2, Multiple Site Form, to your Form ART-1.

## What if my business information changes?

If any of your business information changes, you must complete and file Form ART-15 NUC, Business Information Update. Some ex-amples of changes to business information include adding or discontinuing your business, and changing your business address or telephone number.

## What if I need help or additional forms?

If you need a preprinted form, call our Central Registration Division at 217 785-2889 or 217 785-3707. For forms that are not preprinted, you may call our 24-hour Forms Order Line at 1 800 356-6302.

For additional information, call our Taxpayer Information Division at 1 800 732-8866 or 217 782-3336; or call our TDD-telecommunications device for the deaf at 1 800 544-5304. You may also visit our Web site at <www.revenue.state.il.us>.

## Can I computer-generate my own form?

You must have our approval before you can use any form other than the ones we send you. If you would like to computer-generate your own form, send a sample form to:

OFFICE OF PUBLICATIONS MANAGEMENT (5-400)
ILLINOIS DEPARTMENT OF REVENUE
101 W JEFFERSON
SPRINGFIELD IL 62702

This form is authorized as outlined by the Automobile Renting Occupation and Use Tax Act. Disclosure of this information is REQUIRED. Failure to provide it could result in a penalty. This form has been approved by the Forms Management Center.
IL 492-0006

# Illinois Department of Revenue

## ART-1 (R-4/99)
## Automobile Renting Occupation and Use Tax Return

0831047202000

| IBT no.: | 5570-0802 | Liability period: | July 2008 |
| --- | --- | --- | --- |

Due by: **August 20, 2008**

REV **01** FORM **078**
E S ___/___/___
NS DP CA RC PR

Do not write above this line.
F-RIR48107-001073
SL 016-0022-2

ILIAD LEASING CORP
LEGAL DEPT.
PO BOX 310001
SAN ANTONIO TX 78213-7001

You must round your figures to whole dollars. See Instructions.

## Step 1: Figure your taxable receipts

1 Total receipts (include tax)    1    299985|00
2 Total deductions
(from worksheet on back)    2    63291|00
3 Taxable receipts
(Subtract Line 2 from Line 1.)    3    236694|00

## Step 2: Figure your tax on receipts

Illinois renters: Automobile Renting Occupation Tax
4 Receipts subject to tax
4a  37871|00 x .0500 = 4b  1894|00
Out-of-state renters: Automobile Renting Use Tax
5 Receipts subject to tax
5a  198823|00 x .0600 = 5b  11929|00

6 Tax due on receipts (Add Lines 4b and 5b.)    6    13823|00

## Discount

7 If you filed and paid by the due date,
multiply Line 6 by  .0175.    7    _____|___
8 Net tax due on receipts
(Subtract Line 7 from Line 6.)    8    13823|00

## Other taxes

Local (county or municipal) tax
9 Multiply Line 4a by  .0100    9    379|00
Mass transit tax
10 Multiply Line 4a by    RATE    10    NOT APPLICABLE
Metropolitan Pier and Exposition Authority Tax
11 Receipts subject to tax
11a  236694|00 x .0600 = 11b  14202|00

12 Tax due on receipts
(Add Lines 8, 9,10, and 11b.)    12    28404|00
13 Prior overpayment    13    _____|___
14 Net tax due
(Subtract Line 13 from Line 12.)    14    28404|00

## Step 3: Figure your penalty and interest

If you are filing after the due date, see the instructions.
15 Penalty    15    _____|___
16 Interest    16    _____|___
17 Penalty and interest
(Add Lines 15 and 16.)    17    _____|___

"This is a copy of the Tax
Return on file with the
Department of Revenue"

*Christie Sanchez*
Records Manager,
Records Management Division

DEC 2 2 2008

## Step 4: Figure your payment due

18 Excess tax collected    18    _____|___
19 Total tax, penalty, and interest
(Add Lines 14, 17, and 18.)    19    28404|00
20 Credit memorandum    20    _____|___
21 Payment due
(Subtract Line 20 from Line 19.)    21    28404|00

## Step 5: Sign below

Under penalties of perjury, I state that I have examined this return and, to the best of my knowledge, it is true, correct, and complete.

*signature*  210-679-2538  10/30/08
Taxpayer's signature    Phone    Date

_____  _____  ___/___/___
Preparer's signature    Phone    Date

Do not detach.

---

# ART-1
(R-4/99)

Due by: **August 20, 2008**

IBT no.:    **5570-0802**

ILIAD LEASING CORP
LEGAL DEPT.
PO BOX 310001
SAN ANTONIO TX 78213-7001

Write the amount you are paying from Line 21 here.

$    28,404.00

Make your check payable to "Illinois Department of
Revenue" and mail your completed form and payment to:

**ILLINOIS DEPARTMENT OF REVENUE**
PO BOX 19037
SPRINGFIELD IL 62794-9037

# ART-1 Worksheet for Line 2

| | | |
|---|---|---|
| 1 | Write the amount of taxes collected and included on Line 1 of the return. | **1** 41470 00 |
| 2 | Write the amount of rentals made to exempt organizations. | **2** |
| 3 | Write the amount of receipts from rentals under lease terms of more than one year. | **3** |
| 4 | Write the amount of applicable interstate commerce deductions. | **4** |
| 5 | Write the amount of waivers of claims for loss or damage to vehicles rented (paid by the renter). | **5** |
| 6 | Write the amount of additional insurance coverage (paid by the renter). | **6** |
| 7 | Write the amount of the cost of refueling a rented automobile (paid by the renter). | **7** 16232 60 |
| 8 | Write and identify your receipts from any additional qualifying deductions. | |
| | Identify: 8a  Non-Taxable Revenue | **8a** 5589 00 |
| | 8b | **8b** |
| | 8c | **8c** |
| | 8d | **8d** |
| 9 | Add Lines 1 through 8d. The sum is your total deductions. Write the sum here and on Line 2 of the return. | **9** 63291 00 |

# General Information

## Who must file this return?

You must file Form ART-1 if you are in the business of renting or leasing, for periods of one year or less, automobiles, qualifying recreational vehicles and qualifying vans. The term "qualifying recreational vehicles" is defined as vehicles that are permanently converted to provide living quarters for recreational, camping, or travel use, with direct walk-through access to the living quarters from the driver's seat. The term "qualifying vans" is defined as vehicles designed for transporting seven to 16 passengers.

In addition, if you are an out-of-state business that rents to Illinois persons, corporations, firms, or associations, you may be required to file this form and pay Automobile Renting Use Tax on the receipts you have collected.

## When must I file my return?

You must file this return, along with any payment you owe, on or before the 20th day of the month following the end of the liability period.

## What if I have multiple rental outlets?

If you have more than one rental outlet (site), you must complete and attach Form ART-2, Multiple Site Form, to your Form ART-1.

## What if my business information changes?

If any of your business information changes, you must complete and file Form ART-15 NUC, Business Information Update. Some ex-

amples of changes to business information include adding or discontinuing a site, discontinuing your business, and changing your business address or telephone number.

## What if I need help or additional forms?

If you need a preprinted form, call our Central Registration Division at 217 785-2889 or 217 785-3707. For forms that are not preprinted, you may call our 24-hour Forms Order Line at 1 800 356-6302.

For additional information, call our Taxpayer Information Division at 1 800 732-8866 or 217 782-3336; or call our TDD-telecommunications device for the deaf at 1 800 544-5304. You may also visit our Web site at <www.revenue.state.il.us>.

## Can I computer-generate my own form?

You must have our approval before you can use any form other than the ones we send you. If you would like to computer-generate your own form, send a sample form to:

OFFICE OF PUBLICATIONS MANAGEMENT (5-400)
ILLINOIS DEPARTMENT OF REVENUE
101 W JEFFERSON
SPRINGFIELD IL 62702

ART-1 back (R-4/99)

This form is authorized as outlined by the Automobile Renting Occupation and Use Tax Act. Disclosure of this information is REQUIRED. Failure to provide it could result in a penalty. This form has been approved by the Forms Management Center.

IL 492-0006

# ART-1
(R-4/99)

## Automobile Renting Occupation and Use Tax Return

0832347201000

IBT no.: **5570-0802**

Liability period: **August 2008**

Due by: **September 22, 2008**

REV **01** FORM **078**
E S ___/___/___
NS DP CA RC PR

Do not write above this line.
F-RIR48102-000229
AR-2 ACCT-000029

ILIAD LEASING CORP
LEGAL DEPT.
PO BOX 310001
SAN ANTONIO TX 78213-7001

You must round your figures to whole dollars. See instructions.

## Step 1: Figure your taxable receipts

1 Total receipts (include tax)   1   451650 |00
2 Total deductions
(from worksheet on back)   2   101756 |00
3 Taxable receipts
(Subtract Line 2 from Line 1.)   3   349894 |00

## Step 2: Figure your tax on receipts

Illinois renters: Automobile Renting Occupation Tax

4 Receipts subject to tax
4a   55983 |00 x .05   RATE = 4b   2799 |00

Out-of-state renters: Automobile Renting Use Tax

5. Receipts subject to tax
5a   293911 |00 x .06   RATE = 5b   17635 |00

6 Tax due on receipts (Add Lines 4b and 5b.) 6   20434 |00

### Discount

7 If you filed and paid by the due date,
multiply Line 6 by .0175.   7   ___ |___
8 Net tax due on receipts
(Subtract Line 7 from Line 6.)   8   20434 |00

### Other taxes

Local (county or municipal) tax
9 Multiply Line 4a by   RATE   9   560 |00

Mass transit tax
10 Multiply Line 4a by   RATE   10   NOT APPLICABLE

Metropolitan Pier and Exposition Authority Tax
11 Receipts subject to tax
11a 349894 |00 x .06   RATE =11b   20994 |00

12 Tax due on receipts
(Add Lines 8, 9, 10, and 11b.)   12   41988 |00
13 Prior overpayment   13   ___ |___
14 Net tax due
(Subtract Line 13 from Line 12.)   14   41988 |00

## Step 3: Figure your penalty and interest

If you filed after the due date, see instructions.
15 Penalty   15   ___ |___
16 Interest   16   ___ |___
17 Total penalty and interest
(Add Lines 15 and 16.)   17   ___ |___

## Step 4: Figure your payment due

18 Excess tax collected   18   ___ |___
19 Total tax, penalty, and interest
(Add Lines 14, 17, and 18.)   19   41988 |00
20 Credit memorandum   20   ___ |___
21 Payment due
(Subtract Line 20 from Line 19)   21   41988 |00

N11

## Step 5: Sign below

Under penalties of perjury, I state that I have examined this return and, to the
best of my knowledge, it is true, correct, and complete.

Taxpayer's signature _____ 210-619-258 11/11/08
     Phone    Date

Preparer's signature _____ Phone ___ Date ___/___/___

---

# ART-1
(R-4/99)

Due by: **September 22, 2008**

IBT no.: **5570-0802**

ILIAD LEASING CORP
LEGAL DEPT.
PO BOX 310001
SAN ANTONIO TX 78213-7001

Do not detach.

Write the amount you are paying from Line 21 here.

$ _____ 41,988.00

Make your check payable to "Illinois Department of
Revenue" and mail your completed form and payment to:

ILLINOIS DEPARTMENT OF REVENUE
PO BOX 19037
SPRINGFIELD IL 62794-9037

# ART-1 Worksheet for Line 2

1  Write the amount of taxes collected and included on Line 1 of the return.   1  $67424 | 00$

2  Write the amount of rentals made to exempt organizations.   2  _____ | ___

3  Write the amount of receipts from rentals under lease terms of more than one year.   3  _____ | ___

4  Write the amount of applicable interstate commerce deductions.   4  _____ | ___

5  Write the amount of waivers of claims for loss or damage to vehicles rented (paid by the renter).   5  _____ | ___

6  Write the amount of additional insurance coverage (paid by the renter).   6  _____ | ___

7  Write the amount of the cost of refueling a rented automobile (paid by the renter).   7  $19975 | 00$

8  Write and identify your receipts from any additional qualifying deductions.

    Identify: 8a  Non-Taxable Revenue   8a  $14357 | 00$

          8b  _____   8b  _____ | ___

          8c  _____   8c  _____ | ___

          8d  _____   8d  _____ | ___

9  Add Lines 1 through 8d. The sum is your total deductions. Write the sum here and on Line 2 of the return.   9  $101756 | 00$

---

# General Information

## Who must file this return?

You must file Form ART-1 if you are in the business of renting or leasing, for periods of one year or less, automobiles, qualifying recreational vehicles and qualifying vans. The term "qualifying recreational vehicles" is defined as vehicles that are permanently converted to provide living quarters for recreational, camping, or travel use, with direct walk-through access to the living quarters from the driver's seat. The term "qualifying vans" is defined as vehicles designed for transporting seven to 16 passengers.

In addition, if you are an out-of-state business that rents to Illinois persons, corporations, firms, or associations, you may be required to file this form and pay Automobile Renting Use Tax on the receipts you have collected.

## When must I file my return?

You must file this return, along with any payment you owe, on or before the 20th day of the month following the end of the liability period.

## What if I have multiple rental outlets?

If you have more than one rental outlet (site), you must complete and attach Form ART-2, Multiple Site Form, to your Form ART-1.

## What if my business information changes?

If any of your business information changes, you must complete and file Form ART-15 NUC, Business Information Update. Some ex-amples of changes to business information include adding or discontinuing a site, discontinuing your business, and changing your business address or telephone number.

## What if I need help or additional forms?

If you need a preprinted form, call our Central Registration Division at 217 785-2889 or 217 785-3707. For forms that are not preprinted, you may call our 24-hour Forms Order Line at 1 800 356-6302.

For additional information, call our Taxpayer Information Division at 1 800 732-8866 or 217 782-3336; or call our TDD-telecommunications device for the deaf at 1 800 544-5304. You may also visit our Web site at <www.revenue.state.il.us>.

## Can I computer-generate my own form?

You must have our approval before you can use any form other than the ones we send you. If you would like to computer-generate your own form, send a sample form to:

OFFICE OF PUBLICATIONS MANAGEMENT (5-400)
ILLINOIS DEPARTMENT OF REVENUE
101 W JEFFERSON
SPRINGFIELD IL 62702

ART-1 back (R-4/99)

This form is authorized as outlined by the Automobile Renting Occupation and Use Tax Act. Disclosure of this information is REQUIRED. Failure to provide it could result in a penalty. This form has been approved by the Forms Management Center.   IL 492-0006

In Re:                                              Bky Case No. 08 - 46367

ARC Venture Holding, Inc., et al.,
                                                    Ch. 7
                          Debtors.                  (Jointly Administered)

Brian F. Leonard, Trustee,

                          Plaintiff,                Adv. No. 10 A 04518

vs.

Illinois Department of Revenue,

                          Defendant.

## UNSWORN CERTIFICATE OF SERVICE

I, Faith Dolgin, an attorney, declare under penalty of perjury that on March 4, 2011, I
served the attached:

1.      Notice of Hearing and Motion to Dismiss the Adversary Complaint;
2.      Memorandum of Law;
3.      Proposed Order;

to each person referenced on the attached Service List, by the method therein described.

By:   LISA MADIGAN, Illinois Attorney General          *Designated Local Counsel*

By:   /e/ Faith Dolgin                                 Jeremy D. Eiden
      Faith Dolgin, SPAAG                              Assistant Attorney General
      100 W. Randolph St., 13th Floor                  445 Minnesota St., Suite 900
      Chicago, Illinois 60601                          St. Paul, MN 55101
      (312) 814-5195 / (312) 814-3589 (fax)            (615) 757-1224
      faith.dolgin @illinois.gov                       jeremy.eiden@state.mn.us

<u>**SERVICE LIST**</u>

<u>**By Mail (postage prepaid):**</u>

Brian Leonard, Trustee
100 S. 5th St., Suite 2500
Minneapolis, MN  55402

Andrea Hauser
LEONARD O'BRIEN SPENCER
      GALE & SAYER
100 S. 5th St., Suite 2500
Minneapolis, MN 55402

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:                                    Bky Case No. 08 - 46367

ARC Venture Holding, Inc., et al.,
                                          Ch. 7
                    Debtors.             (Jointly Administered)

Brian F. Leonard, Trustee,

                    Plaintiff,           Adv. No. 10 A 04518

vs.

Illinois Department of Revenue,

                    Defendant.

**ORDER DISMISSING ADVERSARY COMPLAINT AGAINST**
**THE ILLINOIS DEPARTMENT OF REVENUE**

This matter having come before the Court on the Illinois Department of Revenue's

Motion to Dismiss the Adversary Complaint Pursuant to FRCP 12(b)(6), the Court having

considered the Motion, the pleadings and arguments of all parties; it appearing that good cause

has been shown;

IT IS ORDERED:

1.      The Motion is granted; and

2.      The Adversary Complaint against the Illinois Department of Revenue is dismissed with
        prejudice.


Date:                                    _____
                                         Nancy C. Dreher
                                         United States Bankruptcy Judge